IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-10180-02-WEB |
| ) | |
| BRIAN P. RENNEISEN, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| EDWARD JONES ) | |
| 731 North 2nd Street, Suite B ) | |
| Albermarle, NC 28001, ) | |
| ) | |
| Garnishee-Defendant. ) | |

**<u>Memorandum and Order</u>**

This matter is before the court on an objection to a Writ of Garnishment. The objection was submitted to the court via e-mail and was filed at the direction of the court.

I. *Background.*

A Writ of Continuing Garnishment was issued by the Clerk of the Court to Edward Jones on January 21, 2010. Doc. 340. The United States' application in support of the writ alleged that a judgment in the amount of $1,430,200.00 had been entered against defendant Brian P. Renneisen and that a balance of $1,403,930.94 remained owing as of January 21, 2010. Doc. 339.

Garnishee Edward Jones filed its answer on February 1, 2010, stating that it held the following property in which the debtor had an interest: 1) a self-directed IRA account containing

seven mutual funds with a total value of $21,290.00; 2) a joint account containing one mutual fund, one municipal bond, and one corporate bond, with a total value of $11,877.00; and 3) a corporate account containing three mutual funds with a total value of $1,262.00.  Doc. 342.

On February 3, 2010, the United States filed a Certificate stating that it had served defendant Renneisen by certified mail with a copy of the writ, together with instructions on how to claim exemptions, at his "last known address" at a residence in Media, Pennsylvania.  Doc. 343.  It is unclear from the record whether this was in fact Mr. Renneisen's address at the time of such service, given that the court had sentenced him to a term of 60 months' imprisonment on November 16, 2009, and allowed him to voluntarily surrender to the institution designated by the Bureau of Prisons.  Doc. 343.

On February 24, 2010, the United States filed notice that it had served a copy of the writ and other documents, including instructions pertaining to garnishment and the garnishee's answer, upon Paula S. Renneisen, the defendant's wife, whom it believed had an interest in the property listed by the Garnishee.  The certificate of service shows the foregoing notice was served upon Ms. Renneisen and also upon defendant Brian Renneisen at the Fort Dix FCI.  Doc. 349.

On March 22, 2010, the court received a proposed order from the United States, which stated that Brian Renneisen had been served and had not requested a hearing, and that although Ms. Renneisen had a power of attorney for Brian Renneisen and also personally claimed an interest in at least one of the accounts, the United States had requested documentation from her and no such documentation had been received.  The proposed order would have directed the Garnishee to pay the proceeds of the accounts to the United States.  On the same day, the court

2

received an e-mail message ostensibly from Paula Renneisen stating that, "[o]n behalf of Brian Renneisen, I would like to formally object to the garnishment of Edward Jones account [XXX-XX962-1-9] ... based on the fact that this account was not listed in the Third Superseding Indictment nor was it listed in the accounts for forfeiture in the Plea Agreement...." The message further stated that "[r]egarding Joint Edward Jones account [XXX-XX555-1-6], information was provided to [the United States] on February 23, 2010," and "[a]n inquiry for additional information was passed on to my accountant." The court directed that the e-mail message be filed (see Doc. 356), and that the United States file a response thereto. The response of the United States has now been filed. Doc. 368.

II. *Discussion*.

To the extent Ms. Renneisen attempts to assert an objection on behalf of Brian Renneisen, the court concludes that the objection must be stricken, because Ms. Renneisen has no standing to represent the defendant in this court proceeding. A litigant in federal court may conduct their own cases personally or by counsel. 28 U.S.C. § 1654. This means a party has a right to act as his or her own counsel, but may not act as a legal representative for someone else in a court proceeding. *See* D.Kan.R. 83.5.1 (only attorneys admitted to practice before this court may appear and practice in court, but this does not prohibit an individual from appearing personally on his or her own behalf). This is true even if the person has a "power of attorney" granting authority to prosecute claims or appear for another person. Such a power may only be exercised in a court proceeding through representation by a licenced attorney. *See e.g. Dorsey v. McKune*, 2007 WL 4557677, *1, n.1 (D. Kan., Dec. 20, 2007) ("A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law."); *Kapp v. Booker*, 2006

WL 385306, *2 (E.D. Ky. 2006) ("While the power of attorney gives Ms. Kapp legal standing to assert claims owned by her husband on his behalf, it does not authorize her to practice law by representing another person, her husband, in a lawsuit: that must still be done by a licensed attorney.").

As noted above, the answer of the garnishee states that it holds three accounts with property of the debtor. Ms. Renneisen's e-mail attempts to object on the defendant's behalf to garnishment of the self-directed IRA account (Edward Jones account XXX-XX962-1-9). For the reasons stated above, Ms. Renneisen has no standing to assert such objections, and her objections concerning this account are denied.

Ms. Renneisen has not stated or attempted to state any objection concerning the garnishment of the corporate account (Edward Jones account XXX-X8241).

Ms. Renneisen's e-mail makes an ambiguous reference to the joint account (Edward Jones account XXX-XX555-1-6). According to the United States she has claimed an interest in this account, although it argues she "has failed to supply any documentation of a contributory interest in the account." Doc. 368 at 7. In its present form, Ms. Renneisen's e-mail objection is clearly insufficient to show any interest in the joint account. Out of an abundance of precaution, however, the court will grant her until May 12, 2010, to file a claim clearly setting forth whatever property or ownership interest she claims in the joint account and the basis for that interest, supported by an affidavit under oath stating that the facts she asserts are true and correct.

III. *Conclusion*.

Ms. Renneisen's objections concerning Edward Jones account XXX-XX962-1-9 are denied. Additionally, no objections concerning Edward Jones account XXX-X8241 have been filed. Accordingly, the United States may submit for the court's approval a proposed order for disposition of the property in these two accounts.[1]

As to Edward Jones account XXX-XX155-1-6, Paula Renneisen is granted until May 12, 2010, to file a claim with the Clerk of the District Court setting forth the facts to show any property or ownership interest she claims in that account.

IT IS SO ORDERED this __30th__ Day of April, 2010, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge

---

[1] Alternatively, the United States may wait and submit an order for disposition of all three accounts after the court resolves any dispute concerning the joint account.